# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LONNA LEONARD | ) | |
|       Plaintiff, | ) | |
| v. | ) | Case No. CIV-12-515-D |
| TARGET CORPORATION, | ) | |
|       Defendant. | ) | |

## ORDER

Before the Court is the Motion for Summary Judgment of Defendant Target Corporation [Doc. No. 25]. Plaintiff has filed a response [Doc. No. 38] and Defendant has filed a reply [Doc. No. 45]. The matter is fully briefed and at issue.

Plaintiff seeks damages for personal injuries allegedly suffered when she slipped and fell in a Target store in Midwest City, Oklahoma. Plaintiff claims Defendant was negligent in failing to inspect its premises and discover in one of its aisles the puddle of liquid that caused her to fall.

Defendant moves for judgment as a matter of law in its favor. Defendant contends it had neither actual nor constructive notice of the condition that resulted in Plaintiff's accident, and exercised due care to maintain the store premises. Defendant further contends it had no duty to warn Plaintiff of an open and obvious condition.

Plaintiff contends genuine issues of material fact exist to preclude summary judgment as to both Defendant's constructive notice of the condition and whether the puddle of liquid was open and obvious.

## **Standard Governing Summary Judgment**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view the evidence, and draw reasonable inferences therefrom, in the light most favorable to the party opposing summary judgment. *Garrison v. Gambro, Inc.,* 428 F.3d 933, 935 (10th Cir. 2005).

Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element" of the claim. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id*. (citations omitted).

"The purpose of a summary judgment motion is to assess whether a trial is necessary." *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007). "In other words, there 'must be evidence on which the jury could reasonably find for the plaintiff.'" *Id*. (*quoting Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir.1995)).

## Undisputed Facts[1]

On April 28, 2011, Plaintiff was a customer of the Target Store in Midwest City, Oklahoma. At approximately 4:50 p.m., Plaintiff slipped and fell "in a large clear puddle" that was one to two feet in length. Plaintiff was not looking down as she went through the aisle. *See* Defendant's Motion, Exhibit 1, Plantiff's Deposition at 28:18-20 [Doc. No. 25-1]. Plaintiff was in aisle D39 of the store's "home department" when she fell. That aisle did not house any items that contained liquids.

Prior to Plaintiff's accident, no customers or Target employees reported a spill in the aisle. And, Plaintiff did not remember seeing any footprints or lines in the puddle of liquid that might indicate someone had walked through the puddle or pushed a shopping cart through it. After Plaintiff's fall, Mr. Blackshire, a Target employee, walked down the aisle with Plaintiff and observed a "colorless liquid" on the floor located "right in the middle of the aisle." *See* Plaintiff's Response, Exhibit 2, Blackshire Deposition at 30:2-20 [Doc. No. 38-2]. He first saw the puddle after he took three or four steps into the aisle. *Id.* at 30:24-31:2. He did not observe any footprints, cart tracks or other debris leading away from the puddle or the area. *Id.* at 31:10-14.

A Guest Incident Report was completed immediately after Plaintiff's fall. Plaintiff described the incident as follows: "turned corner down [aisle] D39, didn't see puddle and slipped[;] clear puddle - possibly water." *See* Defendant's Motion, Exhibit 2 [Doc. No. 25-2].

---

[1] The facts set forth as undisputed include material facts presented by one or both parties that are supported as required by Fed. R. Civ. P. 56(c)(1). Any facts asserted by a party but effectively disputed, or facts not properly supported, are not included. All facts are stated in the light most favorable to Plaintiff.

3

Defendant provides training to its employees about what to do if they see a spill. *See* Plaintiff's Response, Exhibits 5 and 6 [Doc. No. 38-5, 38-6].[2] Defendant's employees are also required to "zone" departments at various times during their shifts to keep the shelves and aisles presentable. Blackshire Depo. at 16:22-17:14.

## **Discussion**

Under Oklahoma law, a store owner owes a duty of care to its invitees or customers to keep its premises "in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like." *Rogers v. Hennessee*, 602 P.2d 1033, 1034 (Okla. 1979). A store owner is not liable unless the owner has "timely notice of danger." *Id.* at 1035. The facts must show the owner "had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Id.*

The notice may be actual or constructive. *Id.* Constructive notice may exist where the dangerous condition had remained for a sufficient length of time such that the owner should have discovered it, or the owner failed to adequately inspect the premises for dangers known to arise. *Id.* at 1035-36.

If the dangerous condition is open and obvious, the store owner is relieved of liability as the owner "need not guard the invitee against dangers so apparent and readily observable that the conditions should be discovered." *Sholer v. ERC Management Group, LLC*, 256 P.3d 38, 43 (Okla. 2011). An objective standard governs whether the condition is open and obvious, *i.e.*, "whether under similar circumstances a prudent person would be able to see the defect and avoid being injured." *Id.*

---

[2] These exhibits have been filed under seal. *See* [Doc. No. 30 (Exhibit 6)] and [Doc. No. 31 (Exhibit 5)].

A.      **<u>Negligent Failure to Inspect</u>**

It is undisputed Defendant had no actual notice of the puddle of liquid in the store aisle prior to Plaintiff's fall. And, there is no evidence before the Court to demonstrate how long the liquid puddle may have been present prior to Plaintiff's fall. But Plaintiff claims a question of fact exists as to whether Defendant negligently failed to inspect the premises so as to remove the danger presented by the puddle of liquid. Stated another way, Plaintiff contends Defendant did not use ordinary care to check the aisles of its store often enough. *Compare Ingram v. Wal-Mart Stores, Inc.*, 932 P.2d 1128, 1130 (Okla. 1997) (where plaintiff sued Walmart after she slipped on toothpicks in store aisle, reasonable minds could differ "as to whether Walmart knew or should have known of a dangerous condition, or whether the aisles were checked often enough by Wal-Mart employees"); *Glover v. Montgomery Ward & Co.*, 536 P.2d 401, 408 (Okla. Ct. App. 1974) (in slip and fall case, plaintiff must show "storekeeper negligently failed to inspect or maintain the premises, or did not use ordinary care in policing the premises").

In *Kassick v. Spicer*, 490 P.2d 251 (Okla. 1971), the court reversed a jury verdict in favor of the plaintiff in a slip and fall case on grounds that no evidence supported finding the store owner negligent for failing to inspect its premises. In that case, the evidence showed the customer slipped on a grape in an aisle of the store. A store employee testified that employees are trained to "keep a constant lookout" for foreign objects on the floor and that although no policy was in place about how often the store should be swept, it was customary for employees to sweep "every opportunity they have." In addition, the employee testified he had been down the aisle where the plaintiff fell about thirty minutes prior thereto and did not observe anything on the floor. On those facts, the court found "no evidence that the store had negligently failed to inspect the premises." *Id*. at 254.

5

By contrast, in *Safeway Stores, Inc. v. Keef*, 416 P.2d 892, (Okla. 1966), at issue was whether a store had failed to inspect its floor at reasonable intervals so as to discover and remove a banana, which had caused a customer to slip and fall. The court determined issues of fact as to whether the store breached its duty of care precluded summary judgment. *Id*. at 895. The disputed fact issues included the following: (1) plaintiff fell at 5:45 p.m. and there was evidence that the floor of the produce department where plaintiff sustained his injury had not been swept since 8:30 a.m.; (2) the store had no customary or routine practice of sweeping the produce department; (3) the store manager and produce manager had left the store at 5:00 p.m. and only an assistant manager and five other employees were present at the time of the accident; and (4) none of the defendant's employees had policed the area to ascertain if any produce or foreign matter had fallen on the floor. *Id*.

The facts of this case are more similar to those present in the *Keef* case. There is evidence in the record that Defendant's employees are not trained "to walk down each aisle and look for spills." Blackshire Depo. at 16:2-20. Also, there is no training that requires aisles to be inspected at any set interval of time. *See* Plaintiff's Response, Exhibit 3, Senter Deposition at 41:9-18 [Doc. No. 38-3].[3] Although Defendant requires the aisles of the store to be zoned, not every aisle is inspected during zoning. Senter Depo. 41:9-14. There is also evidence in the record that the person with responsibility for the aisle "more likely" would not have been at the store before 5:00 p.m. Blackshire Depo. at 21:6-25; 24:23-25:1. Although there is evidence that the aisle may not have been zoned on the day in question until the 5:00 p.m. shift, there is other evidence that the aisle would have been zoned at around 2:00 p.m. Senter Depo. at 42: 6-16. And, there is evidence the aisle in question may have been zoned five or six times between 8:00 a.m. and 5:00 p.m. *Id* at

---

[3] Ms. Senter is an employee of Defendant and was the "leader on duty" at the time of Plaintiff's incident. Senter Depo. at 9:10-24.

43:13-22.  "The length of time neglect to inspect may continue without furnishing the basis for an inference of constructive notice depends on the facts of each case" and "[w]here reasonable minds may differ in their inferences and conclusions therefrom, the question . . . should be left to the jury." *J.C. Penney Co. v. Barrientez*, 411 P.2d 841, 848-49 (Okla. 1965).  Because reasonable minds may differ as to the inferences to be drawn from the facts surrounding Defendant's inspection (or lack thereof) of its premises, Defendant is not entitled to judgment as a matter of law on Plaintiff's claim of negligent failure to inspect.

### B. Open and Obvious Defense

Defendant also seeks summary judgment on grounds the puddle of liquid was open and obvious. The Oklahoma courts "have rejected the 'open and obvious defense' in a number of cases where the condition or defect was visible but unseen by the plaintiff." *Sholer*, 256 P.3d at 43 (collecting cases).  As the courts have explained, "[a] danger need not be totally or partially obscured from vision or withdrawn from sight to be considered hidden." *Id*. Accordingly, "not every 'observable' condition is 'open and obvious' as a matter of law." *Id*.

Here, the puddle was colorless, located in the middle of the aisle and several feet into the aisle.  Plaintiff did not see the puddle.  And, there was nothing around the puddle to draw attention to it such as debris or cart marks.  Moreover, the aisle did not house items containing liquid. The facts of this case are unlike those in *Hatcher v. Super C Mart*, 24 P.3d 377 (Okla. Civ. App. 2001) and *Kastning v. Melvin Simon Assocs., Inc.,* 876 P.2d 239 (Okla. 1994) which Defendant relies upon. In each of those cases, the plaintiff admitted knowing about the danger of water present on the floor prior to the resulting injury.

In *Hatcher*, the plaintiff entered the store while it was raining outside. Her shoes were wet from the parking lot. She slipped after only taking one or two steps into the store. The plaintiff testified she knew, before she fell, that if customers were going in and out of the store in the rain, the floor would be wet. The Court held the plaintiff knew or should have known the floor was potentially wet or could become slippery from her wet shoes and that such hazards are "universally known by persons coming into a store from a parking lot wet with rain." *Id*., 24 P.3d at 380.

In *Kastning*, the plaintiff slipped in a puddle of water in a bathroom stall. It was undisputed that the plaintiff saw the puddle of water on the floor and had to step through it to reach the toilet. She successfully reached the toilet and when she got up from the toilet, thought she could see a dry spot on the floor. But when she took a step toward the dry spot, she fell and was injured. Plaintiff admitted she was cautious as she left the stall because of the water. The court concluded nothing hid the water from Plaintiff and the danger, therefore, was open and obvious. *Id*., 876 P.2d at 240.

Here, unlike either *Hatcher* or *Kastning*, Plaintiff did not see the puddle or know of its existence prior to falling. The fact Plaintiff was not looking down as she went through the aisle does not equate to a finding that, as a matter of law, she was not exercising due care. Moreover, even if Plaintiff had been looking down, disputed issues of fact exist as to whether, due to the characteristics of the puddle, it could have been detected by Plaintiff. Drawing all inferences in favor of Plaintiff, whether the puddle was open and obvious at the time of Plaintiff's injury presents an issue of fact for the jury.

## **Conclusion**

For the reasons stated above, genuine issues of material fact preclude summary judgment on Plaintiff's negligence claim against Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 38] is DENIED.

IT IS SO ORDERED this 3rd day of March, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE